Date signed July 26, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ANGEL JIMENEZ | : | Case No. 04-30228PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ROGER SCHLOSSBERG, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 05-1988PM |
| YVETTE OCASIO | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case came before the court on the Amended Complaint of Roger Schlossberg, Chapter 7 Trustee, to avoid and recover a transfer of real property and to sell the recovered property and the interest of the co-owner pursuant to 11 U.S.C. § 363(h). Trial was held on June 29, 2006. The only testimony received was that of the Debtor. The parties were invited to submit post-trial memoranda by July 14 and July 24, 2006, respectively, with a response August 3, 2006. The Plaintiff filed a Memorandum, but the Defendant did not avail herself of this opportunity.

The salient facts are undisputed. By Deed dated August 30, 2001, the Debtor and the Defendant acquired title to property commonly known and described as 7350 G Street, Chesapeake Beach, Maryland, 20732. The parties were not married at the time and took title as joint tenants. On August 31, 2004, the Debtor filed a bankruptcy case under Chapter 7. In the Schedules filed under oath, the Debtor stated that he was a co-owner of the subject property and

that the Defendant, Yvette Ocasio was a co-debtor on the loan secured by the property.  As a result of the Debtor's discharge entered on December 9, 2004, Debtor was relieved of the legal obligation to repay $32,356.14 in unsecured claims, as well as any deficiency balance on the obligation securing the Chesapeake Beach property.  Thereafter, on May 25, 2005, by a "No Consideration Deed" drafted by the attorney who had filed his bankruptcy case, Debtor conveyed his joint interest in the subject to the Defendant.  The Trustee contends that this transaction by which the Debtor conveyed his interest to the Defendant is avoidable pursuant to § 549(a) of the Bankruptcy Code that provides:

> § 549.  Postpetition transactions
>
> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate--
> (1) that occurs after the commencement of the case; and
> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
> (B) that is not authorized under this title or by the court.

The defense to this action is stated in the Defendant's Pre-Trial Statement, namely, that the Debtor was an accommodation or convenience party in that the downpayment for the property had been paid by the Defendant and "substantially all if not all of the mortgage payments."  Besides being immaterial, this argument was belied by the record and exhibits that reflect that the parties appeared to have alternated monthly payments to party secured by the property for a substantial length of time.  Notwithstanding the fact that a substantial number of payments were made by the Debtor, the Defendant claimed all of the interest payments as deductions on her income tax returns.  Moreover, the Debtor was jointly liable on the note securing the loan that enabled the purchase of the property in question.

The filing of the bankruptcy case under Chapter 7 severed the joint tenancy and transformed it into a tenancy in common.  *In re Yun Chin Kim*, 288 B.R. 431, 433, ftn.1, 434 (BC Md. 2002; *In re Panholzer*, 36 B.R. 647 (BC Md. 1984); *In re Lambert*, 34 B.R. 91 (BC Col. 1983)..  In any event, regardless of the character of the tenancy, whether a tenancy in common or a joint tenancy, the post-filing conveyance is subject to avoidance by the Trustee, and the property is recoverable for the benefit of the creditors of the estate pursuance to § 550(a) of the Bankruptcy Code.

Count III of the Complaint seeks authority to sell the interest of the estate in the subject property pursuant to § 363(h) of the Bankruptcy Code that provides:

**§ 363. Use, sale, or lease of property**

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--
 (1) partition in kind of such property among the estate and such co-owners is impracticable;
 (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
 (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
 (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The Trustee proffered evidence, without objection, of all required elements of § 363(h) of the Bankruptcy Code, and there was no defense to that, nor could there be. The court will sign an order allowing the sale of the interests of the estate and the Defendant, Yvette Ocasio, in the property, subject to the provisions of § 362(i) and § 362(j) of the Bankruptcy Code.

Counsel for the Plaintiff shall submit an appropriate order.

cc:
Roger Schlossberg, Trustee, 134 West Washington St., P.O. Box 4227, Hagerstown, MD 21741
John D. Burns, Esq., 6303 Ivy Lane, Suite 102, Greenbelt, MD 20770
Diana Klein/Steven Preller, Esq., 2450 Riva Road, Annapolis, MD 21401
Yvette Ocasio, 7350 G Street, Chesapeake Beach, MD 20732
Angel Jimenez, 7350 G Street, Chesapeake Beach, MD 20732

**End of Memorandum**